Good morning, Your Honor. I'm going to please the court, Lawrence Rolfing, on behalf of Desireh Ava. This is a social security disability case. The question is whether an ALJ that gives significant weight to an examining physician's opinion without ever summarizing exactly what it is that the doctor says can implicitly and without explanation reject the manipulative, occasional reaching in all directions and standing and walking two hours out of any hour of day without ever telling us why. And the cases are clear. The case law has been very clear for a long time and the regulations that apply to the ALJ decision are very clear. The new regulations are also clear. The ALJ has to, like we did in the fifth grade, show our math, show the work. And the ALJ did not do that here. The ALJ gave significant weight to the opinion of Dr. Godes and then turned around and gave significant weight to the opinions of Dr. Taylor-Holmes and the opinions of Dr. Wall. And there's a couple of reasons why that doesn't work. Dr. Taylor-Holmes and Dr. Wall never saw the report from Dr. Godes that the examining physician had imposed on Ms. Ava. What do we do with Melina? The government seems to suggest that the ALJ's reason for rejecting the limitations can be reasonably discerned and they cite Melina. The ALJ said, I'm giving significant weight to the opinion of Dr. Godes because it's consistent with the record and because Dr. Godes examined this woman and his opinions make sense. I don't know how you reasonably discern from that the proposition that the ALJ was going to reject any part of that opinion based on this record. The ALJ didn't explain why she was giving significant weight to the opinions of Dr. Taylor-Holmes or the opinions of Dr. Wall. Never explained that. Also, on Dr. Godes' opinion, the ALJ did not incorporate the more restrictive portions of it, right? That's true. And so doesn't that give us an insight into the reasoning of the ALJ? Earlier in her decision, the ALJ summarized the opinions of Dr. Godes and says, Dr. Godes basically gave us a light exertion restriction. And then later on when she, the ALJ gives significant weight to Dr. Godes, she again doesn't address, doesn't summarize, and so  the answer is... The fact that the ALJ did not incorporate the more restrictive standing, walking, and reaching recommendations from Dr. Godes, doesn't that give us insight into the reasoning of the ALJ and how she reached the RFC? I think it gives us insight that she blew it, that she missed it because it's the Marsh error. In Marsh v. Colvin, this court addressed the failure to summarize a doctor's opinion at all. In this case, the ALJ failed to summarize what it is Dr. Godes' opinion was. Dr. Godes, looking at the standing and walking limitation for instance, Dr. Godes says, I'm imposing the standing and walking limitation because of the significant limitations in this woman's back motion. And the limitations in back motion are elsewhere in the record, it's supported, it's consistent, the ALJ was right. But the ALJ never addressed the significant limitations in back motion as a cause for limited standing and walking. The ALJ just characterized Dr. Godes' opinion as consistent with light work, and it's not. It's not consistent with light work because standing and walking is the critical difference between sedentary and light work. It is the primary difference between sedentary and light work, standing and walking. And when the ALJ doesn't even countenance the fact that Dr. Godes has said two hours of standing and walking and explains why, significant limitations in motion, flexion, extension, rotation, sideways bending, the ALJ fails to comply with the regulation that was in effect then, which was explain the weight. Not let us figure out the weight later, but explain the weight. Show your work. Tell me why. Don't leave me guessing to figure it out. Tell me. Counsel, is it fair to say that the ALJ adopted the limitations in the opinions of Dr. Taylor Holmes and Dr. Wall, and doesn't that then lead us to the conclusion that those limitations were accepted over those of Dr. Godes? Is that fair? That isn't fair. The regulations then and now tell us that the commissioner has a preference for the opinions of the examining physician over the non-examining physician. Unless explained. Unless explained, right? Right. But there's a, so when the ALJ says, I give significant weight to the opinions of Dr. Godes, and then the next paragraph on the next page says, I give significant weight to the opinions of Dr. Taylor Holmes and the opinions of Dr. Wall, the ALJ has said there's a tie. No, except for the limitations. Then tell me why. The, fairly read, I think, the record shows that except for the limitations, the ALJ has rejected Dr. Godes' opinion and accepted Dr. Taylor Holmes and Dr. Wall on the basis that those limitations were more consistent with the evidence and record. Why is that not a reasonable conclusion? Dr. Godes explained the limitations based on loss of motion in the lumbosacral spine. Dr. Taylor Holmes and Dr. Wall never got the opportunity to review Dr. Godes' opinion and never got to review the findings that are very similar to Dr. Halbridge, who's the last exhibit in the file, or second to the last exhibit in the file, never got to see the consistent loss of motion and never got to see the opinions of Dr. Godes that this woman had a standing and walking limitation because of that loss of motion. And there are also references throughout the record, both she's got a normal gait, she's got a slow gait, she's got an antalgic gait. Those references are all over the map, but what is consistent is what Dr. Godes points out as the critical, the linchpin of his opinion, the loss of motion of the lumbar spine. But the ALJ saw everything. And never explained why. Never explained why. Let me ask you a different question. I read very carefully what the magistrate judge said. Magistrate judge suggests that the ALJ incorporates Dr. Godes' opinion in the RFC. Is that correct? It is correct with respect to overhead reaching. The ALJ was, the magistrate judge was correct that Dr. Godes said no overhead reaching and to imply that the ALJ didn't incorporate the overhead reaching limitation into the residual functional capacity is incorrect. The ALJ clearly did. But what the ALJ didn't incorporate was the forward and downward reaching, limiting that to occasional, or the standing and walking limitation. But didn't the ALJ in those instances then leave Dr. Godes and go to Taylor Homes and Wall and put their stuff into the RFC? I don't know why. I don't know why. And the judge is duty bound to tell me why, to tell Ms. Abel why. So what you're really saying is the ALJ very easily could have given credence to all three if they had just given a basis for doing that? No, because Lester and its progeny tell us that the ALJ, if the ALJ is going to reject the opinions of Dr. Godes with respect to reaching forward and down and with respect to standing and walking, the ALJ has to explain why she rejected that discrete opinion. Generalized fudge is not good enough. I'll reserve my last 58 seconds if I could. Thank you, counsel. Thank you. Thank you. Good morning, Your Honors. Good morning. Patrick Snyder, representing Nancy A. Berryhill, Commissioner of the Social Security Administration. All right. Claimant's primary argument in this case is that the ALJ did not properly weigh the opinion evidence. However- Well, his argument is the ALJ didn't properly explain how it weighed the evidence. What's your response? Correct, Your Honor. The response to that is at the very beginning of the RFC analysis, the ALJ in this case actually set forth a framework that she was going to use. She specifically said, with regards to opinion evidence, no single assessment has been completely adopted. And the ALJ then went on to discuss the significant weight given to the various opinions. And if you look at the record as a whole, this record does not support disability. And the ALJ- Well, just a minute. You went just so far, which I was going with you. But at the point where she says, and that's why I ask him the question I did, at the point where she says, I'm going to adopt this part. I'm going to adopt this part. I'm going to put this in the RFC. I'm going to put this in the RFC. What she never does is say why. And that's what he's saying. He's saying if we knew why, then there would be something to say. Because frankly, Dr. Godes might deserve more deference than Drs. Taylor, Holmes, and Wall. And if Dr. Godes deserves more deference, then you've got to give a better explanation of why you're not going to go along with what Dr. Godes says. And that's all he's suggesting. He's saying she's got to explain what she's doing. And I looked at it. If I look at Dr. Taylor, Holmes, there were no restrictions on reaching, none. If I'd look at Dr. Wall, he says there were only restrictions overhead. Then if I looked at Dr. Godes, it's totally different on reaching. So how do I get the deference? How do I understand what she's telling me? Yes, Your Honor. In this case, Ninth Circuit and Magna Lawness allows the court to make reasonable inferences. I agree. And in this case, there are some reasonable inferences the court can make. The ALJ's RFC. There aren't any reasons. There's no previous reason. Molina. I went to Molina. Government was big on Molina. But there were previous reasons, previously provided for accepting or rejecting. So they said you can reasonably discern what happens here. So I went to every place in this record to try to find that out, and I couldn't find it. So that's where I'm back to you again. Your Honor, on page 27, the ALJ is discussing the workers' compensation evidence of the record. And the ALJ specifically says that the objective evidence is consistent with the finding that the claimant could do work with the functional limitations described herein. And there are three important opinions in this case, all rendered within the same year, looking at the important scans. And that includes the agreed medical examiner of Dr. Halbridge. And this opinion, this doctor went through 15 hours looking at the claimant and looking at- Why didn't the ALJ then rely on Dr. Halbridge and make all of the recommendations based on what Halbridge said? Your Honor, the ALJ- I mean, I appreciate that Dr. Halbridge gives him a basis. But I also appreciate he didn't talk about Halbridge. She talked about, sorry, I said he. She talks about Goads, Taylor, Holmes, and Wall. Right, Your Honor. And so with Dr. Wall's opinion that is given significant weight, there needs to be other independent evidence in the record that can support the ALJ's RFC. And the ALJ did discuss Dr. Halbridge, did cite specifically Dr. Halbridge's decision throughout the record when discussing various claimant's medical situations. So the ALJ clearly took that into consideration when determining the RFC. So with the opinion of Dr. Wall, which is- All these three opinions were all rendered within the same year of each other and of the ALJ's decision. So they're- The problem comes, and I'm not trying to interrupt you unreasonably, but if I look at the government's brief, the government's brief points out a lot of reasons why what the ALJ did was appropriate, except that the ALJ relied on none of them. I mean, the government's made a better opinion for the ALJ than the ALJ made for itself. And that's what the plaintiff is saying. We don't know why this happened. You didn't give us any basis. The government tries to ad hoc come up with some good reasons, and frankly, I would even say some of the reasons were pretty good. But that's not the standard. The standard is what the ALJ does. Your Honor, under the regulations, to determine the RFC, it's the ALJ's responsibility to consider the various opinion evidence and the record as a whole when determining the RFC. And when looking at opinion evidence, the regulations are clear that good reason must be given for a treating doctor. However, for other doctors, the ALJ need only consider that evidence. And in this case, the ALJ did consider the evidence with the record as a whole, and the record in the end really does support the ALJ's RFC. Okay, so the ALJ says, Dr. Goad's assessment is complete. Specific facts are cited upon which the conclusion is based and is substantially, largely consistent with the record as a whole. Saying that, how do I get consistent if I reject any of his conclusions? Your Honor, Dr. Goad's opinions, I mean, the ALJ is responsible for resolving various conflicts in doctors' opinions. Well, it doesn't seem to me that if you're going to say all that good stuff about Goad's, you're going to reject some of the conclusions he did and then not tell me why you did. But, and, your Honor, in the framework of this case, when you're looking at the facts and the opinions that the ALJ cited to in this case, it's reasonable, the RFC is reasonable and substantially supported. And, and. Counsel, may I ask you, the ALJ said that Dr. Goad's upon light restrictions, or light limitations. Yes. Opposing counsel disputes that. So where in the record can we confirm that Dr. Goad's did determine that light limitations were appropriate? Where is that in the record? Yes, your Honor. On page 1018 of the record, Dr. Goad's discusses that plaintiff can lift 20 pounds occasionally and 10 pounds frequently. The commissioner also does not believe that the argument that, that the, the walking and standing limitations are the only thing that separates light and sedentary work. The ability to lift also is an important consideration. And this would be then a range of light work. The ALJ, the ALJ incorporated most of Dr. Goad's limitations on page 1018. In fact, Dr. Goad's only said there was some, some reaching limitation, but didn't describe exactly what that limitation would be. And Dr. Goad's also said that on that page that the claimant could push and pull occasionally, which was adopted in the ALJ's RFC. So in this case, the ALJ's RFC is fairly restrictive and has incorporated many of Dr. Goad's findings. But if in fact Ava suffers from anemia and hydro, hypo, sorry, hypothyroidism. That's my idol coming out. Insomnia, depression, and abdominal pain. Then the main issue is her ability to reach and to walk, stand. And I can't find that Taylor Holmes et al. agreed on these. Well, your honor, in this case, if we're looking at the record as a whole, there's evidence on page 875 that plaintiff continued working as a dance instructor two times a week. These are great for you to come up with these. Again, that's what I said the first time. The government gives ample, ample, ample, ample thought to why there's evidence in this record to sustain what the ALJ did. Only trouble was, the ALJ doesn't cite any of that. Only you do. Your honor, the ALJ cites in the decision the records and the facts. The ALJ, you know, when we're discussing the actual opinion evidence, the ALJ gave significant weight to three opinions. Did not go into detail about what was accepted and rejected. However, reasonable inferences can be made given the ALJ's RFC in this case. And also, looking at Dr. Halbridge's opinion, which I think is very good, really adds that independent support to the ALJ and the DDS decisions and opinions. Nothing further. Thank you, your honor. All right, thank you, counsel. Rebuttal. I'll try not to go over my time. I just, I want to correct one thing that counsel said. The lifting and carrying isn't the only difference between light and sedentary work. The standing and walking isn't the only difference between light and sedentary work. But according to Social Security ruling 8310, the standing and walking is the primary difference. And there's a difference between primary and only, and we know that. And your honor's absolutely correct. The Chenery Doctrine, CONIT, all stand for the proposition. The post hoc rationalizations don't count. And the inferences that we can draw is what Judge Rawlinson said, that we know that the ALJ implicitly rejected, but we can't figure out on this record, in this ALJ decision, the why. And with that, unless there's any other questions, I'll yield my last 15 seconds. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Fernandez, Rawlinson, N.R. Smith